MARY RING AND CHARLES H. RICHARDSON, RE-
SPONDENTS, v. DANIEL STEELE AND ELIJAH SMITH,
APPELLANTS.

*Real Estate—Deed not recorded— Consideration not paid—Subsequent Grantee.*

A deed of real estate is not rendered invalid from the fact that the consider-
ations are not paid at the time of its execution and delivery. A subsequent
grantee of land, purchasing with knowledge of a prior conveyance, is not a
*bonâ fide* purchaser, even though the prior deed be not entered of record.

APPEAL from the Supreme Court. The action was for the
recovery of an undivided half of four acres of land in the town
of Java. The cause was tried at the Wyoming circuit, before
Mr. Justice Marvin. Each of the parties claimed under Joseph
Steele, the previous owner of the premises.

It appeared on the trial that on the 16th of February, 1852,
the latter conveyed an undivided half of four acres to the
Plaintiffs, in consideration of $250, the payment of which was
acknowledged in the deed, though no payment was made in fact.

On the 18th of March following, Steele and his wife executed
a conveyance of the entire premises to the Defendant, Daniel Steele,
in consideration of $250, the payment of which was acknowledged
in the deed; the amount actually paid at the time being $50.
When this deed was executed, that given to the Plaintiff had not
been recorded, but the Defendant, Daniel Steele, who was the
father of the grantor, purchased with notice of the prior conveyance.

The deed to the Plaintiffs was recorded on the 27th of March,
1852, three days after the registry of the deed to Daniel Steele.
The latter, on the 15th of March, 1858, conveyed the premises to
the Defendant, Smith, in consideration of $250, the receipt of
which was acknowledged on the face of the deed.

The Judge held that the mere recital by Joseph Steele, in the
conveyance to his father, of the payment of the consideration, was
not proof that the latter was a purchaser for value, as against the

prior grantee; but the fact was established by other evidence, which was met by proof of actual notice of the previous deed.

The Defendants offered to prove that the Defendant Smith purchased from the Defendant Steele, without notice of the deed to the Plaintiffs, except such notice as the law implied from the registry of that conveyance. The evidence was rejected. Exceptions were taken to these rulings, and also to the refusal of the Court to hold, as matter of law, that the Plaintiffs were not entitled to recover.

The jury found for the Plaintiffs, and the judgment entered upon the verdict was affirmed at General Term in the Eighth Judicial District. The Defendants appealed to this Court.

*Wm. H. Greene* for Appellants.

*L. W. Thayer* for Respondents.

PORTER, J.—The effect of the deed to Ring and Richardson was to invest them with title to an undivided half of the premises. By accepting the grant they became liable for the agreed price, and the validity of the transfer was not affected by the non-payment at the time of the purchase-money (Barnum *v.* Childs, 1 Sandf. S. C. R. 58; Meriam *v.* Harsen, 2 Barbour Ch. R. 232). The subsequent conveyance of the premises by the grantor to his father was a fraud upon the rights of previous grantees. Through their neglect to put on record the evidence of their title, and the superior vigilance of the Defendant Steele, the deed of the latter would have acquired priority if he had bought without notice of the antecedent grant (1 R. S. 756, § 1). He paid a valuable consideration, but as he did so with knowledge of the previous conveyance, he was not a purchaser in good faith, and cannot claim the protection of the recording act. The Defendant Smith occupies no better position. He is chargeable with constructive notice of the deed under which the Plaintiffs claim, as it was recorded before he made his purchase (Van Rensselaer *v.* Clark, 17 Wend. 25; Jackson *v.* Post, 15 id. 588).

It is unnecessary to consider the question whether a mere recital, by one who has previously parted with his title, that he

Opinion by PORTER, J.

has received value from a subsequent purchaser, is evidence of that fact as against a previous grantee, for in this case the proof is clear that Steele was a purchaser for value, but with full notice of the Plaintiffs' rights.

The record discloses no error prejudicial to the Defendants, and the judgment should be affirmed, with costs.

All judges concurring.

Judgment accordingly.

JOEL TIFFANY,<br>
State Reporter.
