By the Court,

Cowen, J.
The question of knowledge in Philip II. Schuyler was put to the jury, who found for the plaintiffs as they were directed to do by the judge, on being satisfied that he had ac.tud notice of the prior deed. Their finding is fully sustained by the evidence. [30] The defendant moves for a new trial on the ground that Jamos Van Rensselaer’s deed, not being deposited as required by the statute, was fraudulent and void as against P. H. Schuyler, though he had full notice. To this the answer is, the act applies only to such deeds as were dated prior to its passage, which was on the 8th January, 1794. Van Rensselaer’s deed was dated in August of that year. The statute of 8th January, 1794, after reciting that many frauds had been committed in respect to these bounty lands, by forging and antedating conveyances of lands to different persons, *19 and various other contrivances, so that it had become difficult to discover the legal title; for remedy whereof, and in order to detect the said frauds and to prevent like frauds in future, enacted, by section one, that all deeds, &c. theretofore made concerning such lands should, on or before the 1st of May, 1794, be deposited with the clerk of the city and county of Albany; and that those not so deposited should be adjudged fraudulent and void against the subsequent purchaser, Sec., for valuable consideration; and that every deed, &c. thereafter to be made, &c. should be adjudged fraudulent and void as against any subsequent purchaser, &c. for valuable consideration, unless recorded by the clerk of Herkimer county, before the recording of the deed, &c. of the subsequent purchaser. Other counties were afterwards substituted as places of registry.
It is objected that Schuyler’s deed was first recorded. The answer given \ is, he had actual notice of Van Rensselaer’s deed, which was held sufficient \ as to him in Jackson ex dem. Gilbert v. Burgott (10 Johns. R. 457). The > point was there very fully examined by Chief Justice Kent, who delivered the opinion of the court, and the import of the words purchaser for a valu-J able consideration was considered synonymous with bona fide purchaser. And it was held that actual notice takes away bona Jides as effectually under this act, as under the general registry act. The position was never doubted as to the latter, and' was so expressly adjudged in Jackson ex dem. Merrick v. Post (15 Wendell, 588). The case of Jackson v. Burgott, turned on the very points arising out of the identical statute on which the titles of these parties depend. The court held: 1, that actual notice was equivalent to registry; and, 2, that this was so as well at law as in [31] equity. That it is so'in equity is admitted by the English courts in respect to the Middlesex registry act (7 Anne, ch. 20, § 1), which was the model of this military registry act; though the king’s bench in Doe ex dem. Robinson v. Alsop (5 Barn. & Ald. 142), refused to import the equitable doctrine into a court of law. This is but little more, probably, than a dispute about form; at any rate it is enough for us to see that the contrary has been long settled in this court.
But it is said that Clark bought of Schuyler on the faith of finding that his deed was first recorded, and that he shall not be holden to look farther, and run the hazard of actual notice to Schuyler. In Jackson, ex dem. Merrick v. Post, it was held that the registry of a deed is notice to every one, from the time of its being recorded, even to a purchaser, standing a second! or farther remove from the common source of title. The same case held \ that, having such notice, the purchaser takes at the peril of his immediate 1 grantor’s title being impeached by actual notice, though his deed was recorded previous to the adverse one. This, it is true, was under the general i registry acts; but if the case of Jackson v. Burgott is to govern the same rules apply to deeds of military bounty lands. That case holds, that actual notice is a substitute for registry. Under both acts, to entitle the purchaser to protection, he must be a bona fide purchaser in the strict sense of the . term. He must not have notice when he buys. If the registry be notice, it K takes away bona fides. There is nothing to distinguish the two acts in regard to the effect of registry. By both it is declared to be notice in much the same phraseology. Under the general registry act it is declared that every conveyance not recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration, whose conveyance shall be first duly recorded. (1 R. S. 756, § 1.) The act in question (3 R. S. 188, § 1.) is, that it “ shall be adjudged fraudulent and void as against any subsequent purchaser, See., for valuable consideration.’’ The condition of the subsequent purchaser, as being mediate or immediate from the common source of title, and his liability to be affected with notice, must be the *20 same in both cases. The only question which can arise is in respect to the quality of his purchase, the first cited statute demanding bona Jides, the latter not doing so in terms. New trial denied.