By the Court,

Nelson, Ch. J.
This was an action of trover by the plaintiff below for the value of a horse ; he was a mortgagee, and the defendant a subsequent purchaser for valúe, but with notice. The horse continued in the possession of the mortgagor until the sale. On the trial the defendant contended, 1. That the mortgage was void as against him, he being a subsequent purchaser; and 2. On the ground that it had not been filed under the act of 1833. Statutes, sess. of 1833, p. 402. The court charged that the defendant was not a bona fide purchaser if he had notice, and therefore did not come within the protection of the above act or of the 2 R. S. 136, § 5.
The omission to file, or the continued possession in the mortgagor, according to the terms of these statutes, makes the security void per se, but it is so only as against judgment creditors and subsequent purchasers in good faith. A purchaser with notice cannot claim to be a purchaser in good faith within these acts. Clear notice of a prior claim is considered per se evidence of mala fides. 15 Johns. R. 568. 1 Mad. Ch. R. 328. 2 Johns. Ch. R. 182. 15 Wendell, 588. 17 id. 25. 8 Cowen, 264. It is his own folly to purchase in such a case.
There was no offer on the part of the defendant to prove actual fraud between the mortgagor and mortgagee; that might have protected him, for then, though chargeable with notice of a prior claim, he might have urged that he knew at the same time that it was fraudulent. But then it must be a fraud that the purchaser may take advantage of himself. It might have been intended to defraud creditors, but that is a question solely between the creditors and the mortgagee. Proof of such a fact, as observed by Mr. Roberts, ought rather to prejudice than advance the claims of a purchaser. Roberts on Frauds, 59.
Judgment affirmed.