By the Court,

Gowen, J.
The circuit judge held, that the defendant was not affected by constructive notice of the sheriff’s deed; and it is said that in this he departed from the rule laid down in Jackson ex dem. Merrick v. Post, (15 Wend. 588.)
*652 In that case, the judgment debtor had conveyed to his son, T. . Merrick, the lessor of the plaintiff, before the judgment under which the defendant claimed was. rendered. Then came the judgment and sheriff’s sale to Ten Eyck, who had his own deed recorded, but after actual notice of T. Merrick’s deed. T. Merrick then put his deed on record ; and Ten Eyck afterwards conveyed to Elliot, through several mesne conveyances, from whom the defendant claimed. The subsequent purchasers under Elliot were all held to be affected with notice by the registry of T. Merrick’s deed.
That, case is historically, about the same with the present. It is identically so, except in the fact that here the deed to the debtor’s son was not only executed but recorded prior to the rendition of the judgment and recording of the deed under which the defendant claims. The recording adds nothing for the purpose of distinguishing the case at bar, provided the sheriff’s vendees were here called on to notice the son’s deed. They would be bound to do so precisely as in Jackson v. Post. The difference lies in the fact that the son and the grantees, being all paramount purchasers, are called on to notice the subsequent judgment and sheriff’s deed.
The attack against the defendant was founded on the fact that the deed from Charles to Luke Stewart was intended to defraud Charles’s creditors; and constructive notice to those claiming under Luke was insisted on, in order to take from their character of bona fide purchasers, and render them equally vulnerable with Luke himself. The judge held that the sheriff’s deed was not notice per se under the recording act; but left it, as one among other circumstances, from which the jury might infer notice, provided they should think there was fraud in the case.
On reflection, we think he was right. We think the case at bar is distinguishable from Jackson v. Post in respect to the different character of the persons now claimed to be affected with notice, from those who were held to be affected in that case. There the persons held to be affect *653 ed claimed under the common source of title by a grant, as we have noticed, subsequent to that under which their adversary claimed. And it is such subsequent purchasers alone to whom the registry acts extend. The language of these statutes so far as they affect deeds is that, unless recorded, such deeds shall be void as against subsequent purchasers. When recorded, therefore, they have been held to operate as notice to such persons. The object of all the registry acts, however expressed, is the same. They were intended to affect with notice such persons only as have reason to apprehend some transfer or incumbrance prior to their own, because none arising afterwards can, in its own nature, affect them. And after they have once, on a search instituted upon this principle, secured themselves against the imputation of notice, it follows that every one coming into their place, by title derived from them, may insist on the same principle in respect to himself. It is a general rule, that when once a man has granted away his right, any thing which he can do or say shall never be received to affect another claiming under him.
The grantees of Charles Stewart show a deed from him duly recorded before any judgment was obtained against him. The counsel insist that both the judgment and sheriff’s deed, though subsequent acts, over which Luke Stewart and those claiming under him could exercise no control—acts to which they were no way privy—should be-made subsidiary to the destruction of their title. The judgment and sheriff’s deed were certainly competent evidence to show that the plaintiff was in a position, under the 13 Eliz., to contest the deed to Luke Stewart as fraudulent; but neither these nor the record of the deed are admissible for any other purpose. Luke and his grantees hold by title paramount. This enables them to say: “We were no longer bound to guard against the acts of Charles, and if you will affect us by notice of what he may have done, you must bring it home to us by proof other than what you find in the declarations or the acts of strangers.” The case of Jackson v. Post is sufficiently rigorous in requiring pur *654 chasers to search for registries subsequent to their own in order to detect prior conveyances. It is true, we have followed it in cases found to be circumstantially similar; (Van Rensselaer v. Clark, 17 Wend. 25;) and we do not mean to question the principle upon which it proceeded. It is enough to say that it treats of subsequent purchasers as bound to notice prior conveyances. So do the cases which have followed it. It is now claimed as applicable to a case directly the reverse both in principle and circumstance—that of prior registered purchasers. I repeat:—Luke’s grantees are all in effect registered purchasers prior to the plaintiff. The registry of the grantor’s deed enures, in the nature of things, to the benefit of all those who claim under him. They become entitled to use all his habiliments of title as their own. They might acquire a better title than he; but cannot be considered as having taken less. His registry is theirs. He being without constructive notice, they are equally so. And even though he had actual notice, they are not affected. It is enough that they personally act in good faith, as the jury found them to have done. This finding frees them from all imputation of notice; and that they, at least the defendant, were bona fide purchasers in other respects, was not made a question. Whatever actual notice or want of good faith there might have been in Luke, it was not denied on the argument that bona fides in any of those claiming under him would operate as a protection to the defendant.
The objection that the judge refused to allow the registry of Hooker’s deed from the sheriff as notice per se to Luke’s grantees, presents the only point of law in the case. The question whether the deed to Luke was fraudulent, depended on a mass of conflicting evidence which the judge very properly submitted to the jury, and their finding is conclusive.
Nelson, Ch. J. not having heard the argument gave no opinion.
New trial denied.