| 20 | 523 |
|----|-----|
| 94 | 356 |
| 20 | 523 |
| 98 | 47 |

</div>

## ELY vs. WILCOX, impleaded with another.

*Pleading under old chancery practice—Effect of replication to plea—Constructive notice under registry act—When possession is notice.*

1. In an equitable action, commenced before the code, the pleadings, which were those of the old chancery practice, given the same construction and effect as they would have had under that practice, although the cause was not tried until after the code took effect.
2. Under that practice a replication to a plea admitted its sufficiency, and though the plea was bad, the bill must be dismissed on proof of the facts as plead.
3. A deed executed in Minnesota and acknowledged there before a notary public, but without the certificate of a clerk or other proper officer, under his officia seal, to the official character and the signature of the notary, was not entitled to record under chap. 59, R. S. 1849.
4. A deed recorded without authority is not constructive notice.
5. Where a quit-claim deed of land is executed by the wife of the holder of the record title, not containing anything to show that she is such wife, *quære* wheth-

er actual knowledge of it should be held sufficient to put a subsequent purchaser from the husband on inquiry.

6. The *record* of such a deed would be *constructive* notice only to the extent of the title conveyed, which would be at most the wife's contingent right of dower.

7. A deed to a prior grantee, made and recorded after one to a subsequent grantee, but before a sale by him, is not constructive notice to a purchaser from the second grantee, of any equities which the first may have against the second.

8. The record of a deed or plat executed by one whose own deed is not recorded, is not notice.

9. Possession of land, to be notice of the possessor's rights, must be open, visible, xclusive and unambiguous; and is notice only while it continues.

APPEAL from the Circuit Court for *Douglass* County.

Bill filed in 1859, to quiet title to land.   In October, 1854, one John Matson entered the land by pre-emption, and on the 1st of November following sold and conveyed it to the plaintiff, and the deed, together with a mortgage back on the premises executed by the plaintiff on the same day to secure a part of the purchase money, was recorded on the 10th of that month; on which day also a quit-claim deed of the land from Ann Matson, wife of said John, to the plaintiff, was executed and recorded.   The deed first mentioned was not entitled to record for a defect described in the opinion in this case.   There was the same defect in the acknowledgment of the mortgage by the plaintiff.   The plaintiff laid out and platted the land, and the plat was duly recorded January 18, 1855, under the title of "Ely's Addition to Superior;" and during the following spring and summer he conveyed five or six hundred lots by the plat, and the conveyances were duly recorded at or about the the time of their dates.   On the 3d day of September, 1855, a patent for the land was issued to Matson.   On the 12th of the same month *Nathaniel Green Wilcox* obtained a deed of the land from Matson and wife, which was recorded October 14, 1855.   On the 23d of January, 1856, a satisfaction of plaintiff's said mortgage was executed by Matson and wife, and also another deed of the premises from them to the plaintiff, both which instruments were recorded February 19, 1856.   On the 27th day of May, 1856,

*Nathaniel G. Wilcox* conveyed the premises to *Timothy Dwight Wilcox*, the consideration named in the deed being $9,500. The bill charges, in substance, that the conveyance to *Nathaniel G. Wilcox*, and that from him to *Timothy D. Wilcox*, were both without consideration, and taken by the respective grantees with knowledge of plaintiff's purchase, payment, deed, mortgage, possession, occupancy &c., and for the purpose of defrauding him. Prayer, for a temporary injunction restraining the defendants from incumbering or disposing of the land ; and for a final decree adjudging the conveyances to them void, &c.

*Timothy D. Wilcox* put in a plea and answer. The substance of the plea was, that defendants made their several purchases and took their several deeds, each for a valuable consideration, in good faith, and without notice of the complainant's purchase and conveyance, or of his possession and occupancy, &c. It is alleged in the plea that of the $9,500 named as the consideration of the deed from said *Nathaniel* to said *Timothy D.*, $300 was paid in money at the time of the execution of the deed, and the remainder consisted of a prior indebtedness of said *Nathaniel* to him, secured by a mortgage on lands in Illinois, which mortgage was then discharged. The answer denied the material allegations of the bill. The plaintiff filed a replication to the plea and answer. The defendant *Nathaniel G. Wilcox* also answered; but as he did not appeal, his answer is omitted.

At the trial (which was in 1864), the evidence was voluminous, and will not be stated here. The circuit judge found, *inter alia*, that at the time of the delivery of the deed from *Nathaniel* to *Timothy D. Wilcox*, the latter, as a consideration therefor, paid the former $300 in money, and discharged a mortgage to him from the former of certain lands in Illinois, on which there was due $9,200 ; and that there was no evidence of the value of said lands. In other respects the judge found for the plaintiff, and rendered a decree in his favor ; from which *Timothy D. Wilcox* appealed.

*Joshua Stark* and *Lyndes & Burroughs*, for appellant:

1. The deed from Matson to *Ely* of November 1, 1864, executed in Minnesota, was not entitled to record for want of a certificate of the official character and the signature of the notary; and it was not notice to the appellant. R. S. 1849, ch. 59, secs. 9, 10, 23, 24, 26; 2 L. C. in Eq., 178–9; *Tillman v. Cowand*, 12 S. & M., 262; *Shults v. Moore*, 1 McLean, 521; *Heister v. Fortner*, 2 Bin., 40; *Carter v. Champion*, 8 Conn., 548; *Sumner v. Rhodes*, 14 id., 135; *Galt v. Dibrell*, 10 Yerg., 146; *Hodgson v. Butts*, 3 Cranch, 140; *De Witt v. Moulton*, 17 Me., 418; *Choteau v. Jones*, 11 Ill., 300; *Goepp v. Gartiser*, 35 Pa. St., 130. 2. To the point that the mortgage from *Ely* to Matson, even if entitled to record, would not have been notice, counsel cited *Veazie v. Parker*, 23 Me., 170; *Pierce v. Taylor*, id., 246; *Deuster v. McCamus*, 14 Wis., 307; *Straight v. Harris*, id., 509. 3. A purchaser is not bound to take notice of the record of a deed executed by a prior grantee whose own deed has not been recorded. *Cook v. Travis*, 22 Barb., 338; *Roberts v. Bourne*, 23 Me., 165; *Harris v. Arnold*, 1 R. I., 125; *Lightner v. Mooney*, 10 Watts, 407; 2 L. C. in Eq., 181. 4. No conveyance or instrument whatever made by Matson and wife *after* their deed to *N. S. Wilcox* was recorded, could affect any person purchasing from him with notice of title legal or equitable in *Ely* or his grantees. *State of Conn. v. Bradish*, 14 Mass., 297; *Stuyvesant v. Hall*, 2 Barb. Ch., 151; *Taylor v. Maris*, 5 Rawle, 51. 5. A *possession*, to be notice, must be distinct and unequivocal; it must be actual, and of such a nature as would suffice to constitute a disseizin or adverse possession; and it is notice only during its continuance. *Butler v. Stevens*, 26 Me., 484; *Bell v. Twilight*, 2 Foster, 500; *Wright v. Wood*, 11 Harris, 130; *Martin v. Jackson*, 3 Casey, 504; *McMechan v. Griffing*, 3 Pick., 149; *Holmes v. Stout*, 3 Green Ch., 492; 2 Stockton Ch., 419; *Cook v. Travis*, 20 N. Y., 400.

*Hugh Cameron* and *Angus Cameron*, for respondent, argued, among other things, that if the appellant had not studiously

avoided making inquiries, he would, without any difficulty, have discovered *Ely's* title, and if he avoided making such inquiries, he must be taken to have notice of the facts. *Whitbread v. Jordan*, 1 Younge & C., 303; 2 L. C. in Eq., 99; *Farrow v. Rees*, 4 Beav., 101. 2. The mortgage from *Ely* to Matson was legal notice of *Ely's* claim of title to the premises; so also were the deed of Ann Matson to *Ely*, the satisfaction piece executed by John Matson, the plat of "Ely's Addition to Superior," covering the premises, and recorded in January, 1855, and the conveyance of lots according to said plat, executed by *Ely*. 3. The deed from Matson and wife to *Ely* dated January 23d and recorded February 19th, 1856, was legal notice to *T. D. Wilcox* of *Ely's* title. *Tuttle v. Jackson*, 6 Wend., 226, 213; *Jackson v. Post*, 15 id., 598, 588; *Flynt v. Arnold*, 2 Met., 619; *Flagg v. Mann*, 2 Sumner, 556; *Rogers v. Jones*, 8 N. H., 264; *Van Renssellaer v. Clark*, 17 Wend., 25. Counsel also contended that the evidence showed the plaintiff in such possession and occupancy of the premises as constituted notice to all the world of his rights.

DOWNER, J. Is the appellant a purchaser in good faith and for a valuable consideration, without notice, of the land in dispute? This is an action in equity, brought before the code went into effect. The pleadings are those of the former chancery practice, and we think must have the same construction, force and effect as they would have had before the code. The appellant plead that he was a purchaser in good faith, for a valuable consideration, without notice, and accompanied his plea with an answer denying the allegations in the bill necessary to be denied. The complainant filed a replication to the plea and answer. The replication was an admission of the sufficiency of the plea itself, as much so, as if it had been set down for argument and allowed; and if the facts stated in the plea were proved, a dismission of the bill at the hearing or trial, whether the plea was in fact good or bad, should have

followed as a matter of course. *Hughs v. Blake*, 6 Wheat., 472; Story's Eq. Pl., § 697. It appears to us that the evidence sustained the plea, unless there was constructive notice to the appellant of the respondent's title. We are inclined, however, to the opinion that the plea is good, and that the evidence *prima facie* proved the appellant was a purchaser in good faith, for value, without actual notice of the title or claim of the respondent. Still, when the respondent urges that there was no evidence that the lands covered by the mortgage, the release of which was the principal consideration for the conveyance to the appellant, were of any value, or that *Nathaniel G. Wilcox* was able to pay a single dollar of the debt of $9500 secured thereby, we feel relieved from examining the questions he raises as to the value of the lands or the solvency of *Nathaniel*, by the fact that the sufficiency of the plea was passed upon by the counsel of the appellant, when they filed their replication; and although they might, if they had erred in filing it, at any time thereafter and before the trial of the cause, and perhaps even at the trial, have obtained leave to withdraw it, they did not do so, and even now do not maintain that the plea is insufficient. But it is clearly so if the evidence as to the consideration or actual notice is insufficient; for the evidence is as broad as the plea.

We come now to the question of constructive notice by the appellant. It is maintained by the plaintiff that the record of each of the deeds, to wit: that of Matson to *Ely*—the mortgage of *Ely* to Matson—the deed of Ann Matson to *Ely*, and the deed of Matson and wife to *Ely*, made after the conveyance to *Nathaniel Green Wilcox*, was constructive notice to the appellant of the title of the respondent.

The deed of Matson to *Ely* was made in Minnesota, November 1, 1854, and was acknowledged before a notary public of that territory, but had no certificate of a clerk or other officer attached thereto, under his seal, that the notary was such and that his signature was genuine, as required by the R. S. 1849,

ch. 59, secs. 9 and 10.   For want of such certificate the deed was not authorized to be recorded under the provisions of that chapter; and the authorities are to the effect that the record thereof was not notice to the appellant.   The same is true of the record of the mortgage made by *Ely* to Matson.

The deed of Ann Matson to *Ely*, dated Nov. 10, 1854, contained nothing to show that she was the wife of John Matson, to whom the patent issued for the land; and if the appellant had had actual notice of this deed, it is doubtful whether it would have been sufficient to have put him upon inquiry. But constructive notice could only affect him with notice of the deed, or to the extent of the title conveyed, which is at most the contingent right of dower of Ann Matson, which is not the title in dispute—certainly not a sufficient title to enable the plaintiff to maintain this bill.

But the more difficult question arises under the record of the deed of John Matson and wife to *Ely*, of January 23, 1856, which was in due form of law, and made and recorded after the deed of Matson and wife of the same lands to *Nathaniel G. Wilcox*, and before the latter conveyed them to the appellant.   *Nathaniel Wilcox* knew of the rights of the plaintiff when he purchased, and was a fraudulent grantee, and if the record of this last deed to *Ely* was constructive notice to *Dwight Wilcox*, the judgment of the circuit court should be affirmed.

In Massachusetts it is held that in searching the title it is not necessary to search the record, as against an antecedent grantor of the land, further than the registry of a deed duly executed by him, and that when such a deed has been registered, a purchaser under the grantee will not be affected with notice of a prior deed recorded subsequently but before the period of his purchase.   *Connecticut v. Bradish*, 14 Mass., 296; *Trull v. Bigelow*, 16 Mass., 418; *Somes v. Brewer*, 2 Pick., 184. And the reason given is, that when a purchaser is examining his title in the registry of deeds, and finds a good conveyance

to his grantor, he is not expected to look further.    The author-
ities are uniform to the effect that the registry of a deed is no-
tice only to those who claim through or under the grantor by
whom the deed was executed; and that a purchaser is not
bound to take notice of the record of a deed. executed by a.
prior grantee, whose own deed has not been recorded; and
when the deed of a vendor is not recorded, the record of a
mortgage given by a vendee is not notice.    There is great force
in the reasoning which sustains the Massachusetts decisions.
But it is held in New York that the record of a prior deed,
though not recorded till *after* the second deed and *before* the
conveyance by the vendee in the second deed, is notice to a
purchaser from him, not only of the first deed, but such notice
that he is bound to inquire whether the grantee in the second
deed was a *bona fide* purchaser.    *Jackson v. Post*, 15 Wend.,
588;  *Van Rensselaer v. Clark*, 17 Wend., 25.    It is difficult to
see any good reason for carrying the doctrine of constructive
notice to that extent, and holding that constructive notice on-
ly is sufficient to put a vendee on inquiry.    And in the case of
*Day v. Clark*, 25 Vt., 402, is laid down what seems to us the
more reasonable rule, that the record of the prior deed after
the second, is notice to a purchaser from the vendee in the
second, that there is such prior deed, but the record thereof is
no notice that the vendee in the second deed, at the time he
received it, had notice of the first deed, and without such no-
tice the title of the purchaser from the vendee in the second,
but first recorded deed, would not be affected by the fraud or
knowledge of his vendor.    No decision that we have been able
to find has gone so far as we are asked to go in this case, to
hold that a deed *actually made* as well as recorded *after* the
deed to a fraudulent grantee, is constructive notice to a pur-
chaser from the fraudulent grantee to charge him with a knowl-
edge of the title and equitable rights of the vendee in the *las*
made and recorded deed.    If we should so hold, then any ven-
dor of land might, after he had conveyed to a *bona fide* pur-

chaser, put on record a dozen deeds of the same land to different purchasers, and each of these would be a cloud upon the title. For these reasons we hold the record of the deed of January 23, 1856, to *Ely*, not notice to the appellant.

The next question is, whether there was such possession by *Ely* at the date of the deed to the appellant as to be constructive notice to him of the plaintiff's title. The burden of proof was on the plaintiff to prove such possession. He has failed to prove that either he or any one under him was in actual possession of the premises or any part of them at the date of the deed. The rule is, that possession, to be notice, must be open, visible, exclusive and unambiguous ; not liable to be misunderstood or misconstrued. *Patten v. Moore*, 32 N. H., 384, and authorities there cited. The paintiff had no such possession.

The payment of taxes and laying the land out into city lots, if the appellant had been informed thereof, might have been sufficient to put him upon inquiry ; but no such information was given him before his purchase, and any record of the plat would come under the rule already mentioned, that a purchaser is not bound to take notice of the record of a deed executed by a grantee whose own deed has not been recorded.

We have thus gone through with the points on which the plaintiff rests his case, and we find none on which we can sustain the judgment of the circuit court.

*By the Court.*—The judgment of the court below is reversed, with directions to dismiss the bill.