### PAYNE *v.* FREER.

*(Supreme Court, General Term, Fourth Department. January, 1889.)*

FRAUDULENT CONVEYANCES—GIFT TO WIFE—SUBSEQUENT INSOLVENCY OF GRANTOR.
    A solvent husband may give property to his wife if he retains sufficient to pay his
    existing debts, where neither insolvency nor inability to meet his liabilities is con-
    templated, and such gift will be valid against creditors, either existing or subse-
    quent, though afterwards, from causes not to be anticipated, the value of his prop-
    erty so depreciates that he becomes insolvent.[1]

Appeal from special term, Schuyler county.

Action by Josiah D. Payne, one of the executors of George C. Freer, de-
ceased, against Elizabeth H. Freer, individually, and as executrix of said will,
to set aside certain transfers of personal property made by testator in his
life-time to defendant, who was his wife. From a judgment dismissing the
complaint plaintiff appeals.

Argued before FOLLETT, P. J., and MARTIN and KENNEDY, JJ.

*John J. Van Allen*, for appellant. *W. L. Norton*, for respondent.

MARTIN, J. The purpose of this action was to have certain transfers of
personal property made by the plaintiff's testator to Charles M. Woodward,
and by Charles M. Woodward to the defendant, set aside as fraudulent and
void, and to compel the defendant to account for the property thus transferred.
The plaintiff based his alleged right of recovery on the ground that such
transfers were made with the intent to hinder, delay, and defraud the creditors
of the plaintiff's testator. On the trial the court found that on April 15, 1874,
the plaintiff's testator purchased the property in question, which was of the
value of $9,000; that at the time of such purchase it was in an hotel which was
owned by and in the possession of the testator; that on the 23d day of May,
1874, the property was transferred to said Woodward, and by him transferred
to the defendant, who was the wife of the testator; that the consideration for
such transfers was the sum of one dollar; that at and from the time of such
transfers until the testator's death the property transferred was and remained
in said hotel, except that a portion, consisting of wines, liquors, and provisions,
was consumed or used by the testator; that such property was used in con-
nection with the hotel, but that the defendant exercised all the dominion and

---

[1] See, to same effect, Morgan v. Hecker, (Cal.) 16 Pac. Rep. 317. See, also, note, Id.
On the subject of the validity of conveyances from husband to wife, as against the hus-
band's creditors, see Cornell v. Gibson, (Ind.) 16 N. E. Rep. 130, and note; Terry v.
O'Neal, (Tex.) 9 S. W. Rep. 673; Skellie v. James, (Ga.) 8 S. E. Rep. 607, and note.

supervision over it that was consistent with such use, the nature of the property, and the surrounding circumstances; that the testator could not operate or rent the hotel without the furniture, and the defendant could not rent the furniture without the hotel; that it was understood between them that the personal property should remain where it then was, and be used and leased with the hotel for an indefinite time; that the possession of said property was sufficiently delivered to, and received by, the defendant to vest the legal title to it in her, and she took the care and control thereof; that after the death of the testator the defendant appropriated it to her own use, claimed it as her own, and refused to account therefor as executrix of her husband's estate; that such transfers were made without any intent to hinder, delay, or defraud the creditors of the testator; that when made the testator was not insolvent, but owned other property more than sufficient at its then value to pay all his debts; that the property transferred, with what the testator had theretofore given the defendant, was only an appropriate and reasonable provision for her; that on April 17, 1878, the testator died insolvent, but that such insolvency was owing to losses and depreciation in the value of his property occurring after such transfers; that the depreciation was largely due to unusual and abnormal causes not to be anticipated, nor in the common course of events.

A careful examination of the evidence in this case has led us to the conclusion that the findings of the learned trial judge are amply sustained by the proof, and that it fully justified him in finding that the transfers in question were not made with an intent to hinder, delay, or defraud the creditors of the testator. The plaintiff's claim that the testator was insolvent at the time of such transfers is not sustained by the evidence. The evidence was such as to justify the trial judge in finding, not only that the plaintiff's testator was not insolvent at that time, but, if he believed the evidence of the defendant's witnesses, in finding that the testator was then worth a very large amount more than was sufficient to pay all his debts and liabilities. It was also proved that the defendant had taken and continued in the substantial possession, and had control, of the property in question from the time of such transfers. The proof was at least sufficient to rebut any presumption of fraud that might have arisen under or by virtue of the statute of frauds. 3 Rev. St. (7th Ed.) p. 2328, § 5. It seems to be well settled that a husband may properly make a suitable provision for his wife, and that it will be upheld if made without any fraudulent intent. A husband who is entirely solvent may purchase property, and cause it to be conveyed to his wife, and, if he retains sufficient property in his own hands for the purposes of his business, and abundant means to pay his existing debts, and the circumstances show that neither insolvency nor inability to meet his liabilities could reasonably have been within his contemplation, and that no new or hazardous business was contemplated, the transaction cannot be held fraudulent and void as against his creditors, either existing or subsequent. *Van Wyck* v. *Seward*, 6 Paige, 62; *Bank* v. *Housman*, Id. 526; *Jackson* v. *Post*, 15 Wend. 588; *Dunlap* v. *Hawkins*, 59 N. Y. 347; *Carr* v. *Breese*, 81 N. Y. 584; Bump, Fraud. Conv. 270, and cases cited in note 1.

We are of the opinion that the special term was justified in dismissing the plaintiff's complaint, and that the judgment herein should be affirmed, unless there was some error in the rejection or admission of evidence that requires its reversal. Having carefully examined the rulings upon the admission and rejection of evidence, to which our attention is called by the appellant's brief, we have found none that would justify a reversal of the judgment herein, or that seem to require special consideration. It follows that the judgment appealed from should be affirmed. Judgment affirmed, with costs to be paid by the plaintiff personally. All concur.