(89 Misc. Rep. 530)

### HATCHER v. BRUNT.

(Supreme Court, Trial Term, Montgomery County. March, 1915.)

EXECUTORS AND ADMINISTRATORS ☞388—SALE TO PAY DEBTS—BONA FIDE PURCHASE.

In 1895 A., the then owner of premises described in a complaint in ejectment conveyed them to K. and wife, who shortly thereafter conveyed them by deed to plaintiff. A. died in 1903, and in proceedings in Surrogate's Court under Code Civ. Proc. § 2749, to sell his realty for payment of debts, the premises were sold to defendant under a decree, and the deed therefor was recorded in September, 1905. Defendant, who was a purchaser in good faith for a valuable consideration, improved the property and paid the taxes thereon, and has since been in possession. *Held*, that the conveyance to K. and wife and their conveyance to plaintiff, not having been recorded until after defendant's deed had been recorded, were void as to defendant under the express provisions of Real Property Law as amended in 1896 (Laws 1896, c. 547) § 241.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1573–1582; Dec. Dig. ☞388.]

Ejectment by George S. Hatcher against Roselia Brunt. Judgment for defendant.

Harry V. Borst, of Amsterdam, for plaintiff.
W. Fenton Myers, of Amsterdam, for defendant.

VAN KIRK, J. This is an action in ejectment. The facts are undisputed. In 1895 Charles D. Austin owned the premises described in the complaint. December 20, 1895, Charles D. Austin and wife, Frances, executed a deed of said premises to Charles D. King and wife. Shortly thereafter Charles D. King and wife executed a deed of the same premises to George S. Hatcher, the plaintiff. These deeds were not recorded until January 16, 1914. Charles D. Austin died June 30, 1903, and in proceedings regularly had in the Surrogate's Court to sell real estate to pay his debts (Code Civ. Proc. § 2749) this lot was sold and conveyed under decree of the court to the defendant. The deed was made by Katherine T. Austin (second wife of Charles D.) as an individual and by William H. Turney and Katherine D. Austin as administrators, etc., of Charles D. Austin, deceased, dated

September 14, 1905, and was recorded September 19, 1905. Defendant is a purchaser in good faith and for a valuable consideration. The defendant has ·improved the property, paid the taxes, and been constantly in possession.

The plaintiff claims that the recording act does not apply, because the deed to the defendant, though recorded first, was not "from the same vendor, his heirs or devisees," who conveyed to the plaintiff and his immediate predecessors in title. See Real Property Law (Consol. Laws, c. 50) § 291. In this claim I hold he is mistaken. Prior to 1896 the recording act, so far as important here, read:

"And every such conveyance not so recorded shall be void as against any subsequent purchaser, in good faith, and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first * * * recorded."

·In 1896 (by chapter 547, § 241) the words "from the same vendor, his heirs or devisees," were inserted after the words "valuable consideration." But also in 1896 (by chapter 572) the recording act, as formerly in force, was re-enacted; this being a later act of the same Legislature. It seems, therefore, said section 241 was not in force till 1909. In Assets Realization Co. v. Clark, 205 N. Y. 119, 98 N. E. 457, 41 L. R. A. (N. S.) 462, the court said:

"Section 241 (now 291) of the Real Property Law, after providing for the recording of a 'conveyance of real property,' enacts: 'Every such conveyance not so recorded is void as against any subsequent purchaser in good faith, and for a valuable consideration [from the same vendor, his heirs or devisees] of the same real property, or any portion thereof, whose conveyance is first duly recorded.' There is some question whether the words in brackets are in force. While chapter 547, Laws of 1896 (Real Property Law), enacted the section in full as above printed, and repealed that portion of the Revised Statutes containing the section then substantially being reproduced, except that the bracketed words were added, at the same session of the Legislature was passed chapter 572, which amended the section of the Revised Statutes which had been repealed by the Real Property Law, and thereby, I suppose, re-enacted it without the words in question."

Said chapter 572 was not repealed till 1909. Consol. Laws, 1909 (acts repealed). The Real Property Law was re-enacted in 1909, containing section 241 (as section 291) in its amended form, but defendant's deed was made and recorded in 1905. Apparently, therefore, the recording act at the time defendant's deed was recorded stood as it formerly did, unamended. As the courts construed the recording act prior to its amendment, the plaintiff's deed was void as against defendant. Cases cited below. But, if said section 241 took effect as amended in 1896, the deeds to the plaintiff and the defendant come within the act, and are from the same grantor within the meaning of said section. In its old form this provision was construed by the courts to refer only to deeds "from the same grantor," and the amendment was intended to word the act as the courts had construed it. Birdseye's Statutes (2d Ed.), note to Real Property Law, § 241, which refers to Jackson v. Post, 15 Wend. 588; Consol. Laws (Real Prop. Law), § 291, which refers to Raynor v. Wilson, 6 Hill, 471.

In Jackson v. Post, 15 Wend. 588, it is held a purchaser of lands at a sheriff's sale under judgment and execution will hold the same, although the defendant in the execution had previous to the judgment sold and conveyed the lands by deed, providing that the deed from the sheriff is recorded previous to the recording of the deed from the debtor in the execution, unless the purchaser at sheriff's sale had actual notice of the prior deed. And, in the opinion, page 596, while discussing Jackson v. Town, 4 Cow. 599, 15 Am. Dec. 405, the court said:

"The deed to Lydia Town conveyed all the interest of the grantor to the grantee without being recorded; as between the parties and others having notice it was valid, but as against subsequent bona fide purchasers it was void. On the supposition that Eleanor Town had title when she conveyed to Lydia Town, there can be no doubt that had she conveyed to the lessor, Stewart, at the time when he took the sheriff's deed, if his purchase was bona fide, without notice of the deed to L. Town, it would have been the better title; for the unrecorded deed was by the statute fraudulent and void against * * * bona fide purchasers for valuable consideration. A judgment and sale under it are a species of conveyance, and equally effectual to transmit the title [to the plaintiff] as a deed from the defendant."

In Raynor v. Wilson, 6 Hill, 469, 475, the court said:

"This statute was made to protect innocent purchasers against the frauds of sellers, to prevent those who once had title to land from making successive sales, and thereby defrauding one or more of the purchasers. Jackson v. Post, 15 Wend. 588, 594. * * * But this [the wording of the statute] is not to be taken literally in favor of any and every subsequent purchaser of the same real estate, without regard to the person of whom the purchase is made. That would lead to absurd consequences, and the section should not receive such an interpretation. It applies to successive purchases of the same real estate from the same seller, and must be limited to cases of that description."

These two cases above quoted from have been frequently cited, and the construction of this section by our courts has been uniform up to the amendment of 1896. In Tarbell v. West, 86 N. Y. 288, the court said:

"The courts, by construction, make the record of a conveyance, notice to subsequent purchasers; but this doctrine is subject to the limitation that it is notice only to those claiming under the same grantor, or through one who is the common source of title"—citing Raynor v. Wilson, 6 Hill, 469.

It seems to me plain, therefore, that by the amendment it was intended to declare in the statute the act as construed by the courts, namely, that successive deeds to come under the act must come from the same grantor; that is, from his estate and those who would take it by descent or will. A deed by the administrators of the grantor of plaintiff made a decree of the surrogate, in proceedings to sell his real estate to pay his debts, is a deed from that grantor before his property has passed by descent or will into control of his heirs or devisees. It was a deed from Austin, as the sheriff's deed was the deed of the judgment debtor in Jackson v. Post, supra. It must be treated as if given by the deceased himself. Hetzel v. Barber, 69 N. Y. 1, 9.

One examining title to real estate would examine through a former owner, and, if he had not disposed of it in his lifetime, then through

his estate, his heirs at law, or devisees. A proper search would involve an examination to see if any real estate had been sold to pay debts; and the record of the deed of the administrators would be notice of the transfer of the property. Said section 2749 of the Code provides:

"Real property, of which a decedent died seised, and the interest of a decedent in real property, * * * may be disposed of, for the payment of his debts and funeral expenses," etc.

I hold, therefore, that the conveyance to King and wife and the subsequent conveyance to the plaintiff are void, not having been recorded until after the defendant's deed of the same premises from the same vendor was recorded.

Judgment accordingly.