### MORGAN WRIGHT vs. JOHANNA M. RUTGERS et. al.

1. A confirmation under the act of 1836, to the original claimant and his legal representatives, enured by way of estoppel, to his assignee. Stoddard vs. Chambers, 2 Howard 284.

2. To bring a case within the second section of the act of 1836, so as to award a confirmation, the opposing location must be shown to have been made, "under a law of the United Sates." Stoddard vs. Chambers, 2 Howard 284.

3. The holders of a New Madrid certificate had a right to locate it only on "public lands which had been authorized to be sold." If it was located on lands which were reserved from sale at the time of issuing the patent, the patent is void. Ib.

4. There was no reservation from sale of the land claimed under a French or Spanish title between the 26th of May, 1829, and the 9th July, 1832. A location under a New Madrid certificate, upon any land claimed under a French or Spanish title, not otherwise reserved, made in this interval, would have been good. Ib.

5. If two patents be issued by the United States for the same land, and the first in date be obtained fradulently or against law, it does not carry the legal title. Ib.

6. A patent is a mere ministerial act, and if it be issued for lands reserved from sale by law, it is void. Ib.

## APPEAL from Lincoln Circuit Court.

### STATEMENT OF THE CASE.

On the 5th of September, 1845, Johanna Maria Rutgers, Sarah Johanna Rutgers, Maria Jeremina Provauschere, John, alias, Jan Kesselrus and Aruendina Wilhelmeni Kesselrus, his wife, declared in ejectment against Morgan Wright for a tract of land in the county of Lincoln, W. half section 15, township 48, range 1, west part survey 7056 arpents confirmed to Wm. Dunn or legal representatives.

April 27th, 1845, defendant appeared and plead not guilty (additional plea filed.)

28th April, 1846, cause tried by jury and verdict and judgment for the plaintiffs.

The plaintiff's evidence on the trial was as follows:

1st. The plaintiffs are the heirs of Arend Rutgers.

2nd. They held all the title under the confirmation to Dunn or his legal representatives, of survey 3005, containing 6256 arpents—granted by Delassus, 18th of June, 1802, which grant with the surveys was filed with the recorder, April 22nd, 1808, confirmed by act of July 4th, 1836.

3rd. The premises in dispute were embraced within said confirmation.

4th. Defendant was in possession at commencement of this suit, receiving the monthly value of the premises $2 00.

Defendant's evidence:

1st. That defendant had all the title to the premises in dispute created by New Madrid location, in favor of Robert Quimby, which was patented to Robert Quimby, 6th December, 1822.

2nd. Defendant offered to prove, that he had been in peaceable adverse possession since 1818. To which the court sustained the plaintiff's objections and defendant excepted to the court's decision. This was all the evidence. The court on plaintiffs motion instructed the jury that the plaintiff's title was better than defendant's.

The court further instructed the jury that if Dunn's claim was filed with the recorder, April 22nd, 1808, and was confirmed by the act of July 1836, and the right to the claim had vested in the plaintiff's before this suit, they should find for the plaintiff's. To which defendant excepted.

Defendant's motion for a new trial was overruled by the court, and exception taken.

### Coulter, for plaintiff in error.

On the question as to which is the better of these two titles, it is respectfully submitted, that the title under the patent is the better title. There is no particular charm in a grant made by act of Congress which would enable it to prevail were an older grant made by the proper ministerial officers, acting in the name, and by the authority of the same government.

Both Congress and the President in such case profess to act in the name of and by authority of the United States, and to grant to individuals, lands which are the property of the United States; and if both act within the scope of their authority, they are equally competant to grant, and therefore the oldest grant must prevail against the younger. This is a plain principle of law, and it is not necessary to refer to authorities. But the act of Congress itself, under which the plaintiff's claim title, says, that confirmations by virtue of that act shall not prevail against titles previously acquired from the government by virtue of locations or sales made under any law of the United States. The act of July 4th, 1836, by its first section confirms the claims embraced in the first class of the commissioner's report. The second section of said act provides "That if it should be found that any tract confirmed or any part thereof, had been previously located by any other person or persons under any law of the United States, or had been surveyed or sold by the United States, that act should confer no title to such lands in opposition to the rights acquired by such location or purchase." See the act of July 4th, 1836, laws of United States, vol.— page—. This would seem to be conclusive in this case, and to show that Congress in the very act of confirming plaintiff's claim, had an especial eye to such titles as that held by the defendant in this case, and intended to protect such titles as his, from the operation of the confirming act. I am aware that a decision has been made by the supreme court of the United States, which it is supposed by some will settle such cases as the present, adversely to the side I represent here. I allude to the case of Stoddard et. al. vs. Chambers, reported in vol. 2, Howard's Rep., page 284. This appeal was taken to this court at a time when that decision was known to have been made ; but at the same time it was known that the case had again gone to the supreme court, and it was confidently believed by most members of the bar, that on re-argument the decision would not be adhered to. I am aware also, that it is reported, and probably with truth, that at the last term of the supreme court the same decision was re-affirmed. If this court should consider that decision as settling definitely the construction of the act of 4th July, 1836, I respectfully suggest that the case now before the court, is not in all respects like the case of Stoddard vs. Chambers. In that case the patent under which the defendant claimed, did not issue until the 16th July, 1832.

The court in that case held that the patent issued at that time was void, because the land was reserved from sale by the act of July 9th, 1832, and continued so reserved until the confirmation to Stoddard by the act of July 4th, 1836. The court in that case say, that there was an interval of time, to wit : from the 26th May, 1829, to the 9th July, 1832, during which these claims were not reserved from sale, and a patent issued during that time would have been good. In the case

Harvy and wife vs. Chouteau.

now before the court, the patent under which the defendant claimed issued in 1822. If then, our patent was void at the time it issued, because the title was not fully in the United States, there being an individual Spanish claim to the land not finally disposed of, when, on the 26th May, 1829, all further reservation of the Spanish claim was at an end, and the title fully vested in the United States, with power to grant; then the previous grant became valid and effectual. It is like the case of an individual granting lands by an absolute conveyance in fee simple, at a time when the legal title is not vested in him, if he subsequently acquired the legal title, such title enures to the benefit of his grantee.

There is another question presented by the record, to wit: the statute of limitations. This question was raised by the offer of the defendant to show a peaceable adverse possession for more than twenty years before the bringing of the suit, to wit: since 1818, which was objected to, and the objection sustained by the court. If the act of 1836 is the origin of the plaintiff's title, then I admit that this plea would not avail. But if it is a valid Spanish claim, conveying the title from the date of the Spanish grant, then I submit that they should have commenced their suit at an earlier day, and, that not having done so, twenty years peaceable possession is sufficient to defeat their suit.

WELLS & GLOVER, attorneys for defendants in error.

We insist that the land in controversy in this case was not subject to the location of the New Madrid certificate of Robert Quimby. But was reserved at the time of said location, for the benefit of Wm. Dunn, his heirs or assigns, the confirmees under the act of July 4th, 1836. That the said location and patent to Robert Quimby was void; and that the title being in the United States till the confirmation to the plaintiffs. The defendant's adverse possession conferred no right or title upon him.

NAPTON, J., delivered the opinion of the court.

*Per curiam.* This judgment must be affirmed. It falls within the construction of the act of July 4th, 1836, given in the case of Stoddard vs. Chambers (2 Howard 284,) and subsequent decisions of that court.