Heirs of Klein v. Argenbright.

## THE HEIRS OF KLEIN v. ARGENBRIGHT.

1. Demurrer: PLEADING OVER: WAIVER. An erroneous ruling in the sustaining of a demurrer to an answer, is waived by pleading over in an amended answer.

2. Patent: IMPEACHMENT OF. A patent for lands issued by the United States, cannot be avoided or impeached, even for fraud, in a collateral proceeding. The proper course is by a direct proceeding to set aside the patent.

3. —— EFFECT OF PATENT: INTERVENING ENTRIES. When a patent is issued on a prior certificate, it takes relation back to the date thereof, and operates as from that time, vesting the title in the patentee and cutting off all intermediate certificates.

4. —— CANCELLATION BY COMMISSIONER. It seems that the commissioner of the general land office has no power to cancel the location of a land warrant when once made. But, if he has, he possesses equal power to afterward rescind the order of cancellation, and thus restore all the rights of the original locator.

5. Notice: CONFLICTING ENTRIES OF PUBLIC LAND. In cases arising under conflicting entries of government lands, the doctrine of notice does not apply.

*Appeal from Wapello District Court.*

SATURDAY, JANUARY 30.

ACTION to recover a quarter section of land. Plaintiffs' chain of title is as follows: August 13, 1853, Rauder, the assignee thereof, located a military bounty land warrant upon the land, and received from the register of the United States land office at which the location was made, the usual certificate of location. September 7, 1853, Rauder conveyed the land by deed of warranty to Keller, who, December 22, 1855, conveyed to one Kaiser, from whom plaintiff's ancestor purchased the land and received a deed therefor February 1st, 1856. A patent in due form was issued to Rauder by the president of the United States, June 20, 1864.

The defendant's chain of title is as follows: May 9th, 1855, the location of Rauder was canceled by the commissioner of the general land office, and one Temple entered the land on the 21st of May, 1855, and received from the receiver the usual duplicate receipt. Temple, on the 27th of August, 1855, conveyed to Thompson, who, on the 3d of November, 1856, sold and conveyed the land to defendant Argenbright.

On the 12th day of November, 1859, the cancellation of Rauder's location was rescinded by the commissioner of the United States general land office, and the location restored.

Trial to the court without a jury.

Judgment for plaintiffs. Defendant appeals.

*Hendershott & Burton* and *J. C. & B. J. Hall* for the appellant.

*Stiles, Hutchison & Dixon* for the appellee.

Heirs of Klein v. Argenbright.

BECK, J.—I. Demurrers to the answer and several amended answers, filed separately and at different times, *1. DEMURRER: pleading over: waiver.* were sustained by the District Court. These rulings are assigned for error. The objections thus raised are not now tenable in the instances to which we will not specifically refer hereafter, because they were either waived by pleading over, or amending in accordance with the ruling of the court, or the pleadings demurred to were simply the repetition of pleadings to which objection by demurrer had before been made and sustained. No further reference need be made to these objections.

II. As a defense to the action, defendant avers in his answer that the location of the land warrant by Rauder *2. PATENT: impeachment of.* was fraudulent and effected by means of a forged and fraudulent assignment of the warrant. A demurrer to this defense was sustained. In this ruling there is no error. No rule of law is better settled than that an instrument of the character of a patent cannot be avoided or impeached for fraud in a collateral action like the present one. It should be attacked, if at all, in a direct proceeding to annul and set it aside. *Jackson* v. *Lawton*, 10 Johns. 22; *Arnold* v. *Grimes*, 2 G. Greene, 77, and authorities there cited; though, in truth, it is difficult to see upon what grounds that could be done in this case. Defendant, or those under whom he claims, including Temple, who made the second entry, had no right to the land at the time of the first entry by Rauder. Rauder's entry was in fraud of the rights of no one, for no one had any rights to the land at the time.

If the United States chose to sell him the land and take in payment a forged instrument, and are content therewith, others have no cause of complaint. It is not pretended that any fraud was practiced upon Temple or those claiming under him.

III. Defendant insists that the duplicate receipt and

3. —— effect of the conveyances under which he claims the *patent: intervening entries.* land, invest him with the paramount title as against the patent and deeds under which plaintiffs claim, and that judgment should have been rendered in his favor.

The patent when issued operated to vest the title in the patentee, and, by taking relation back to the date of the certificate of location, cut off the duplicate issued to Temple. *Arnold* v. *Grimes & Chapman,* 2 Iowa, 16; 2 Wash. Real Property, 533; *Wilcox* v. *Jackson,* 13 Pet. 516; *Bagnall* v. *Broderick,* id. 436; *Stringer* v. *Young,* id. 320; *Foley* v. *Harrison,* 15 How. 433.

But it is urged that the commissioner of the United States general land office, in the exercise of his lawful 4. —— cancellation by commissioner. power, canceled the location of Rauder. That he had that power, may be admitted for the purpose of argument. If he possessed the power to cancel Rauder's location, he had the same power to cancel Temple's entry. In the act of restoring Rauder's location, he, of necessity, canceled Temple's entry. So that the exercise of the very power which defendant claims gives him the title, destroyed it. It will be readily seen that the power to restore the location results from the power to cancel. Upon declaring Temple's entry canceled, he ·could properly award the land to Rauder, whose land warrant — the price paid for the land — was still retained by the government. This, it appears, was done. In this view of the case, it is unnecessary to discuss the power of the commissioner to cancel Rauder's entry. There are authorities which seem to hold, that upon the location of the warrant, the land became the absolute property of the locator, and that his certificate could not be canceled, nor his title divested by the United States. See *Arnold* v. *Grimes & Chapman,* 2 Iowa, 3; *Carroll* v. *Safford,* 3 How. 460; *Morton* v. *Blankership,* 5 Mo. 346.

The record discloses no fraud or irregularity that would justify the officer of the government in cancelling Rauder's location, and such seems to have been the final decision of the officer intrusted with the determination of that question.

IV. It is argued that Temple was an innocent purchaser without notice, etc. But in cases arising under conflict-

5. NOTICE: conflicting entries of government lands. ing entries of government lands, the doctrine of notice is not recognized. *Arnold* v. *Grimes & Chapman*, 2 Iowa, 19. But, if the doctrine is applicable in such cases, it operates against defendant, for at the date of Temple's entry Rauder's deed to Keller was of record in the proper county. Temple is presumed to have notice of the prior location of Rauder, for it was of record in the very office where he made his entry.

V. The foregoing discussion disposes of all questions made by defendant against the judgment of the court upon the final trial. Some more questions growing out of the rulings of the court upon the several demurrers are presented by the assignment of errors. In regard to these, it is sufficient to say, that the demurrers were in each instance properly sustained.

Affirmed.