## WATERS V. BUSH.

1. **Public Lands:** PATENT: CERTIFICATE.  A patent of public land conveys to the patentee a perfect legal title, relating back to the date of the entry; the entry of the land and the issuing of the certificate transfer to him all the property of the government, which retains the formal legal title in trust for the purchaser until the patent issues.

2. ———: CONVEYANCE.  The purchaser of public lands can convey his interest therein before the issuance of a patent.

3. ———: ———: FEDERAL LAW.  The laws of the United States govern in the interpretation of instruments issued in the sale of public lands, and of the rights of parties thereunder.

4. ———: MILITARY LAND WARRANTS: ASSIGNMENT.  Under the Acts of Congress, the interest acquired by the valid location of military bounty land warrants is assignable.

5. ———: ———: LIEN.  Where there was a sufficient assignment of the certificate under the laws of the United States, the assignee became fully vested with the property of the original owner of the land, and a judgment subsequently rendered against the latter would not be a lien upon the property covered by the assignment.

*Appeal from Cerro Gordo District Court.*

WEDNESDAY, DECEMBER 29.

ACTION to quiet and establish the title to certain land situated in Cerro Gordo county, which is described in the petition. There was a decree granting the relief prayed for.  Defendant appeals.  The facts of the case appear in the opinion.

*Goodykoontz & Wilber*, for appellant.

*Hartshorn & Flint*, for appellee.

BECK, J.—In April, 1856, one Kilbourne entered the land at the proper United States land office, by the location thereon of a military bounty land warrant, and received the usual certificate of location.  In May following he sold the land to plaintiff, and transferred to him the certificate of location in due form, but no deed was executed for the land.  The patent issued to Kilbourne, the certificate of location and

assignment thereof not having been filed in the general land office.

In June, 1861, Van Alst recovered judgment in the District Court of Scott county against Kilbourne, and, in April, 1873, a transcript of the judgment was filed in the office of the clerk of the District Court of Cerro Gordo county. On the 9th of June, 1873, the defendant purchased the land at sheriff's sale upon this judgment, and received a deed therefor.

I. The patent issued to Kilbourne vested in him the perfect legal title which related back to the date of the entry of the land. *Heirs of Kline v. Argenbright*, 26 Ia., 494. The entry of the land and the issuing of the certificate of location transferred to him, at the time, all the property held by the government in the land, and conferred upon him "all the equity" thereto, which was an absolute and unconditional right to the land. "The government retained only the formal legal title in trust for the purchaser until the patent issued." *Cavender v. Smith*, 5 Iowa, 157 (189); s. c., 3 G. Greene, 349.

*1. PUBLIC lands: patent: certificate.*

II. That a purchaser of public lands from the government, after his purchase, and before a patent is issued, can, by proper assurance, convey the same and transfer his interest therein, cannot be doubted.

*2. ———: conveyance.*

III. The laws of the United States control the disposition of the public lands, and the effect to be given instruments issued by the government in the sale of the land, and the rights of parties claiming thereunder. *David v. Rickabaugh*, 32 Iowa, 541; *Irwin v. Marshall*, 20 How., 558; *Wilcox v. Jackson*, 13 Pet., 498.

*3. ———: ———: federal law.*

IV. Under the Acts of Congress of 22d of March, 1852, and 3d of June, 1858, all valid locations of military bounty land warrants "are declared to be assignable by deed or other instrument of writing, made and executed according to such form and pursuant to such regulations as may be prescribed by the commissioner of the land office, so as to vest the assignee with all the rights of the original owner of the * * location." U. S. Rev. Stat., § 2414.

*4. ———: military land warrants: assignment.*

V. The abstract shows a sufficient assignment of the certificate of location under the United States statutes. It follows that the assignee, the plaintiff, was vested fully with the property in the land, and clothed with all the rights of the original owner, Kilbourne. The legal title in the United States, before the patent issued and after the assignment of the certificate of location, was held in trust for plaintiff, the assignee of all the rights of Kilbourne. The issuing of the patent to Kilbourne could not divest plaintiff of the rights he acquired under the transfer of the certificate of location.

*5. ——: ——: lien.* (margin note)

VI. No question arises in this case under registry laws, as there was no statute requiring the assignee of the certificate of location to record that instrument or the assignment thereof.

We conclude that the record before us shows the title to the land in question vested in plaintiff before the sheriff's sale to defendant; no title, therefore, passed to defendant by that sale. The doctrines upon which our conclusion is based are supported by the prior decisions of this court in the cases cited.

The judgment of the District Court is

AFFIRMED.