## WEEKS v. LOY.

1. **Public Lands**: ENTRY: MISTAKE IN DESCRIPTION. One E. entered a tract of land by land warrant in 1854. His application described the land as in range six but upon the margin of the warrant, in the receipt issued, and all other papers, it was described as being in range sixteen, which was the tract intended. The corresponding numbers in range six had been previously disposed of, and were not then subject to entry. E. conveyed the land in range sixteen, and in 1857 those claiming under him went into possession, which possession was, at the commencement of this action, held by the defendant. In 1866 the land was restored to market and entered by plaintiff, a patent issuing to him in 1867. The return of this patent for cancellation was afterward demanded by the Department but refused. In 1876 a patent was issued to defendant upon the entry of E.: *Held*, that such patent, though junior to plaintiff's in time, related back to the time of the entry, and conveyed the legal title, the equitable title of the government having passed when the certificate of location was issued.

*Appeal from Mahaska District Court.*

SATURDAY, OCTOBER 25.

THE plaintiff commenced this action to recover certain real estate situated in Mahaska county. The abstract of title exhibited with his petition showed a patent from the United States to the plaintiff dated November 1, 1867.

The defendant by his answer admitted that the plaintiff held a patent as averred in the petition, but alleged as an equitable defense and counter-claim that one Jas. S. Easly entered said land at the United States land office at Iowa City, on the 31st day of August, 1854; that said entry was never canceled, and in November, 1876, a patent was issued to said Easly upon his certificate of location and entry; that said Easly conveyed said land to one Porter, and said Porter conveyed to one George Loy, and George Loy conveyed to the defendant, and that the title to said land is in the defendant by an unbroken chain of conveyances from said Easly; that about the time George Loy purchased said land he entered upon it, put it in cultivation and erected buildings thereon, and that the defendant has been in the continued possession

thereof since the same has been owned by him. That in October, 1866, the plaintiff, having constructive notice of the possession of said land by Easly's grantees, applied at the land office to enter said land, and was by the register thereof wrongfully permitted to enter the same, and that a patent was issued to the plaintiff wrongfully and inadvertently. The plaintiff replied to the equitable defense and cross-bill by a denial of the material allegations thereof. There was a trial by the court and a decree for the defendant quieting his title to the land. Plaintiff appeals.

*A. W. C. Weeks*, pro se.

*Wm. Loughridge, John F. Lacey,* and *Williams & Mc-Millen,* for appellee.

ROTHROCK, J. We have not in the foregoing statement of facts given all that is alleged in the pleadings. We have merely stated the substance of the issues. The evidence in the case shows the following facts which we will state in their chronological order as nearly as practicable.

On the 31st day of August, 1854, James S. Easly made application at the land office to locate military land warrant No. 1462. The application used in making said location was a printed blank. This application was signed by said Easly, and the blank for the description was filled as follows—" the north half of the north-east quarter of section No. eight (8), in township seventy-six N. of range *No. six,* west 6." Whether this blank was filled by the insertion of the description at the time the entry was made is a subject of dispute between the parties, to which we will presently give our attention. This application was attached to the warrant and both were afterwards transmitted to the general land office at Washington. By a regulation of the land department the description of the land entered was required to be indorsed on the warrant, and a similar note was required to be made on the tract book, and also on the plat book. The indorsement made on the warrant, and the memorandums on the plat book

and tract book, all described the land as being in range six-teen, and not in range six. The duplicate certificate of loca-tion issued by the register of the land office to Easly also des-cribed the land as being in range sixteen. The corresponding land in range six was not vacant and subject to entry at that time. It had before that been entered by other parties and the entries have never been canceled. It thus appears that all the records of the local land office, and of the general land office, showed that James S. Easly entered the land in contro-versy, excepting the application forwarded to the general land office with the military warrant. Easly, having possession of the certificate of location describing the land in controversy, conveyed the same by a deed with covenants of general war-ranty to Chas. S. Porter, August 20, 1855. Porter conveyed by deed of warranty to George Loy August 31, 1857 (see abstract), and George Loy conveyed to defendant February 28, 1863. The land is improved, and is now worth from twenty-five to thirty dollars per acre.

In August, 1865, the commissioner of the general land office sent a list of vacant lands to the land office at Des Moines, that the same might be compared with the records in the local office, and such corrections made as might be found necessary. In reply to the communication accompanying said lists the register at Des Moines noted the land in controversy as having been entered with land warrant No. 1462, by James S. Easly, August 31, 1854. The commissioner of the general land office replied that the certificate of location and patent record described the land entered by Easly as in range six and not sixteen, and directed the register to correct his records ac-cordingly, and stated that the north half of the northeast quarter of 8, 76, 16 W. was vacant, and must be restored to market. On the 17th day of September, 1866, the vacant lands in the Des Moines land district, which had been with-held from market to adjust the railroad grants to the State, were restored to market. On the 18th day of October, 1866, the plaintiff paid to the receiver at Des Moines the sum of one hundred dollars in full for the land in controversy, and received the proper receipt therefor. On the first day of No-vember, 1867, a patent was issued to him for said land.

On the 28th day of January, 1868, the commissioner of the general land office addressed a letter to the officers of the land office at Des Moines stating in substance that the land was improperly sold to the plaintiff, and the patent inadvertently issued, and it was evident Easly was entitled to a patent for the land because the duplicate certificate of location shows that he located the land, and the tract is also indorsed upon the margin of the warrant, and because the tract in range six had been previously sold, and was not subject to location by Easly at the time. This letter directed the register and receiver at Des Moines to advise the plaintiff of these facts, and instruct him to return the patent on his entry, with proper relinquishment of the tract, and apply for the repayment of his purchase money. The register of the land office at Des Moines replied to this letter August 28, 1868, stating that he had notified plaintiff of 'the contents of the letter and requested a return of the patent, which was refused.

On the 24th day of November, 1876, the records of the general land office were corrected to correspond with the note on the margin of the warrant and the duplicate certificate issued to Easly, and the erroneous patent issued to Weeks canceled, and a patent was issued to Easly reciting said facts.

The case has been most elaborately argued and a large number of authorities have been cited. We think that the principles involved are so plain and well-settled that a mere statement of them without discussion will be sufficient to demonstrate that the decision of the court below was correct. That Easly intended to locate the land warrant upon the land in controversy can admit of no question. The records, notes, and memorandums in the local land office abundantly show that fact. The certificate of location issued to him, and which until the issuance of the patent to him was the evidence of his ownership of the land, and upon which he undoubtedly relied in making his conveyance thereof, correctly described it as in range sixteen. The only reference anywhere to the corresponding tract in range six was in the application which was attached to the warrant. The description in this must have been inserted after the entry was made. There is no

other reasonable hypothesis. The land in range six could not have been intended by Easly and the register of the land office as the land he was entering, for a glance at the books would have shown that that land had been entered by others. We attach no such importance to this mistake as counsel does in his argument. We do not think that if the written application erroneously describes the land this is fatal to the entry, when every other record and memorandum required, including the certificate issued to the party, contains correct descriptions. It is claimed that the commissioner of the general land office canceled the entry of Easly and that he had the power to cancel it. This cannot be admitted. An erroneous entry may be canceled, as when an entry has been made upon land upon which there was already a valid entry, and the like. The government had sold this land to Easly and no other disposition thereof could be made. *Arnold v. Grimes*, 2 Iowa, 1; *Cavender v. Smith*, 3 G. Greene, 349; *Rankin v. Miller*, 43 Iowa, 11, and authorities there cited. And the fact that plaintiff holds the senior patent is wholly immaterial, because the junior patent when issued to Easly related back to the date of the entry. "The entry of the land and the issuing of the certificate of location transferred to him at the time all property held by the government in the land, and conferred upon him all the equity thereto, which is an absolute and unconditional right to the land." *Waters v. Bush*, 42 Iowa, 255; *Heirs of Klein v. Argenbright*, 26 Id., 493; *Cavender v. Heirs of Smith*, 5 Id., 157. The patent to Weeks, "having been issued contrary to law for land which had been before sold by the government, is void, and the patentee acquired no rights under it." *Rankin v. Miller, supra.*

It is urged that the defendant's claim to the land is barred by the statute of limitations. It is a sufficient answer to such claim to say that the answer is in the nature of an equitable defense to the plaintiff's action, and the statute of limitations can have no application.

Complaint is made that the decree includes the whole of the eighty acre tract when it should be only for the part claimed of the defendant. No application was made in the

court below for a correction of the decree, but as defendant only claims the land described in the petition, the correction can be made in the decree in this court if the plaintiff so desires.

AFFIRMED.

SEEVERS, J., having been of counsel, took no part in the decision of this case.